United States District Court
Southern District of Texas
**ENTERED**
July 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-15-273 |
| | § | (Civil Action No. H-16-0968) |
| FRANCISCO RANGEL-GONZALEZ | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Francisco Rangel-Gonzalez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 30], and "Amended Claim" [Doc. # 33]. The United States filed a Response and Motion to Dismiss [Doc. # 39], to which Defendant filed a reply [Doc. # 40]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** Rangel-Gonzalez's § 2255 Motion and **dismisses** the corresponding civil action (H-16-0968).

## I.    BACKGROUND

In May 2015, a federal grand jury in this district returned an Indictment [Doc. # 1] charging Defendant with one count of illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The grand jury

charged specifically that Defendant was deported from the United States after having been convicted of an aggravated felony.  On July 7, 2015, Defendant entered a plea of guilty without a plea agreement.  *See* Rearraignment Minutes [Doc. # 15].

On October 7, 2015, Defendant appeared before the Court for sentencing.  Prior to sentencing, the Court considered the Presentence Investigation Report ("PSR") prepared by the Probation Office and all other matters of record.  The Court, in the exercise of its discretion, sentenced Defendant to serve a term of imprisonment of 40 months in the custody of the Bureau of Prisons, followed by a three-year term of supervised release.  *See* Judgment in a Criminal Case [Doc. # 26], pp. 3-4.  The Court waived the imposition of any fine and, on the Government's motion, remitted the special assessment.  *See id.* at 4; Sentencing Transcript [Doc. # 37], pp. 23-24.

Defendant filed his § 2255 Motion, claiming that he received ineffective assistance from counsel who "led [Defendant] to believe he was pleading guilty to Title 8 U.S.C. subsection 1326(a) and faced a statutory maximum of not more than 2 years imprisonment."  *See* § 2255 Motion, p. 8.  Defendant argued also that he was sentenced under a United States Sentencing Guideline ("USSG") that is unconstitutionally vague. *See id.* at 10.  Defendant later added a claim that his counsel was ineffective "for not objecting, investigating nor discussing erroneous information"

2

in the PSR.  *See* Amended Claim [Doc. # 33]. After considering the entire record, the Court concludes that Defendant is not entitled to relief under § 2255.

## II.   <u>APPLICABLE LEGAL STANDARD</u>

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)(*en banc*).  "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted."  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice."  *Frady*, 456 U.S. at 166.  This procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations."  *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003); *U.S. v. Saenz*, 567 F. App'x 252 (5th Cir. May 7, 2014).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000); *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that '[t]he proper measure of attorney performance remains simply

reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. To establish ineffective assistance of counsel, defense counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. "Counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance." *United States v. Bernard,* 762 F.3d 467, 471 (5th Cir. 2014) (citing *Strickland,* 466 U.S. at 689).

To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wiggins*, 539 U.S. at 524; *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Therefore, the prejudice analysis focuses on whether the alleged errors by counsel, separately or cumulatively, undermine "confidence in the process afforded the criminally accused." *Virgil v. Dretke*, 446 F.3d 598, 612 (5th Cir. 2006).

## III.   <u>ANALYSIS</u>

A.      **Ineffective Assistance of Counsel Claims**

Defendant argues that he received constitutionally ineffective assistance of counsel because (1) he was led to believe that he was pleading to 8 U.S.C. § 1326(a) with a statutory maximum sentence of 2 years, and (2) his attorney failed to challenge "erroneous information" in the PSR that identified one of his prior convictions as indecency with a child.  Defendant's arguments are refuted by the record.

The transcript of Defendant's guilty plea confirms that he understood the charges against him, understood that he was entering a plea of guilty to a felony under 8 U.S.C. § 1326(a) and (b)(2), and admitted that he had been convicted in the 248th District Court of Harris County, Texas, of the offense of indecency with a child. Defendant was placed under oath and advised that if he told a lie, he could be prosecuted for perjury.  *See* Rearraignment Transcript [Doc. # 36], p. 3.  The Court instructed Defendant to feel free to ask his attorney any questions and to let the Court know if he was confused.  *See id.* at 6-7.

Defendant told the Court under oath that he had discussed the charge with his attorney.  *See id.* at 5.  The Court personally informed Defendant that he was charged with, and was considering pleading guilty to, "a felony charge under Title 8, United States Code, Section 1326(a) ***and (b)(2)***."  *Id.* at 10 (emphasis added).  Defendant stated under oath that he was satisfied with his lawyer.  *See id.* at 6.  The Court found

that Defendant was seeking to enter a guilty plea "knowingly, voluntarily, intelligently, and with the advice of his lawyer." *Id.* at 7.

The prosecutor advised the Court and Defendant of the facts the Government would prove beyond a reasonable doubt if the case went to trial. *See id.* at 12. Specifically, the Government stated that it would prove that on "January 21st, 2011, the Defendant was convicted in the 248 District Court of Harris County, Texas of the offense of indecency with a child committed on or about March 15th, 2009, and sentenced to two years' confinement." *Id.* The Court asked Defendant if there was anything in the factual proffer that he disagreed with, and Defendant answered "no." *See id.* The Court asked Defendant if he "in fact [was] convicted of this crime of indecency with a child, exposure, in January, 2011," and Defendant answered "yes." *Id*. The Court then found that the factual proffer, with which Defendant had no disagreement, "satisfies the factual basis beyond reasonable doubt." *Id*. at 13.

The Court personally and clearly advised Defendant that he faced a maximum sentence of "up to 20 years in prison, a fine of up to $250,000, three years' supervised release, and a $100 special assessment." *Id*. The Court asked Defendant if he understood, and Defendant answered "yes." *Id.* at 14. Defendant told the Court under oath that nobody had made him any promises about what his sentence would be. *See id.* at 18.

After the Court fully explained to Defendant the charge against him, the factual basis for the charge, including the indecency conviction, and the maximum sentence he faced, Defendant entered a plea of guilty to the Indictment. *Id*. at 14. Defendant told the Court under oath that everything he said during the plea proceeding had been "completely true," and that he understood the Court's explanations. *See id.* at 18-19. Defendant told the Court under oath that he was pleading guilty because he was guilty of the crime charged. *See id.* at 19.

The Court found that the plea was supported by independent facts establishing all the elements of the charge, and that Defendant intended to do the acts that he committed. *See id.* at 20. The Court found that Defendant's plea of guilty was "voluntarily, freely, and knowingly made," and that Defendant understood the consequences of his guilty plea. *See id.*

Defendant's sworn statements made in open court, particularly during a plea colloquy, are entitled to a strong presumption of truthfulness. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements establish clearly that Defendant's plea was knowing and voluntary, that he understood the crime to which he was pleading guilty, and that he understood that the maximum sentence was a term of imprisonment for up to 20 years. Defendant's argument that he received ineffective assistance of counsel because he did not understand the maximum sentence

and because counsel failed to challenge the PSR's characterization of the prior conviction are refuted by the record. Defendant's § 2255 Motion on this basis is denied.

### B.   Vagueness Challenge to Sentence

Defendant argues that his sentence should be vacated based the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and on *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016). Neither case supports Defendant's argument.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.[1] The *Johnson* decision regarding the constitutionality of the residual clause of the ACCA does not apply in this case, however, because Defendant was not convicted or sentenced under the ACCA.

Defendant argues that the *Johnson* decision should be applied to USSG § 2L1.2, citing the Fifth Circuit's decision in *Gonzalez-Longoria*. In *Gonzalez-Longoria*, a majority of a Fifth Circuit panel held that the residual clause of USSG § 2L1.2(b)(1)(C) was unconstitutionally vague. Defendant was not sentenced under

---

[1]   The ACCA's residual clause defines a crime constituting a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

the residual clause.  Instead, the PSR recommended a 16-level increase pursuant to USSG § 2L1.2(b)(1)(A)(ii).  The Court rejected the recommendation in the PSR, and declined to increase Defendant's offense level by 16 levels.  Moreover, the Fifth Circuit decision in *Gonzalez-Longoria* was vacated at 815 F.3d 189 (5th Cir. 2016), when the appellate court granted a petition for rehearing *en banc*.

Neither *Johnson* nor the now-vacated *Gonzalez-Longoria* decision support Defendant's argument that he was sentenced pursuant to an unconstitutionally vague sentencing guideline.  The Court, therefore, denies Defendant's § 2255 Motion.[2]

## IV.  <u>CERTIFICATE OF APPEALABILITY</u>

Defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

---

[2]     For the same reason, Defendant's assertion that his attorney was constitutionally ineffective for failing to present this argument at sentencing does not support § 2255 relief.

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether Defendant knowingly and voluntarily entered his plea of guilty to the Indictment. Similarly, jurists of reason would not debate whether Defendant, who was not sentenced pursuant to USSG § 2L1.2(b)(1)(C), was sentenced pursuant to an unconstitutionally vague Sentencing Guideline. Accordingly, a certificate of appealability will not issue.

## V.    CONCLUSION AND ORDER

For all of the foregoing reasons, it is hereby **ORDERED** that Defendant's § 2255 Motion [Doc. # 30] is **DENIED** and the corresponding civil action H-16-0968 is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in Civil Action No. H-16-0968.

SIGNED at Houston, Texas, this 7th day of **July, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE